UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERNON STANCUNA,                           :
                                           :
     Plaintiff,                            :
                                           :
     v.                                    :     CASE NO. 3:09CV75(AWT)
                                           :
STACY SACHARKO,                            :
                                           :
     Defendant.                            :

RULING ON MOTIONS

Pending before the court are plaintiff's Motion for Contempt (doc. #84), Emergency Motion for Contempt (doc. #89), Motion for Hearing (doc. #96), Sealed Motion for *capias* (doc. #93), Motion for Extension of Time to Respond to Summary Judgment (doc. #88), and Motion to Stay to Respond to Summary Judgment (doc. #91). All of these motions stem from Judge Thompson's discovery order of March 9, 2010, which required the defendant to produce certain telephone records for *in camera* review and also to respond to the plaintiff's interrogatories within thirty days. (Doc. #65.)

The *pro se* plaintiff, arguing that the defendant failed to comply with that order, asks the court to find the defendant and defense counsel in contempt and to issue a *capias* for their arrest. He also seeks an extension of time to respond to the defendant's Motion for Summary Judgment. The court gives the plaintiff additional time to respond to the motion for summary judgment, but otherwise the motions are denied.

I.    **Motions for Contempt**

A.    Factual Background

On March 9, 2010, Judge Thompson ordered the defendant to submit certain telephone records for *in camera* review (doc. #65). Judge Thompson's order did not specify a date by which the records were to be submitted.  At a hearing before Magistrate Judge Martinez on May 21, 2010, defense counsel explained that after Judge Thompson entered the order, the defendant (through counsel) took steps to secure the records.  He had difficulty obtaining them.  He first submitted to the service provider a request for the records with a signed authorization to release them.  The attempt was unsuccessful, so he proceeded to subpoena. He was unable to obtain the records until he had served two subpoenas.  The defendant now has complied with Judge Thompson's order.  The phone records were submitted for *in camera* review on May 20, 2010.

As for the interrogatories, Judge Thompson's March 9 order (doc. #65) required the defendant to respond within 30 days.  The defendant has served responses under oath and the plaintiff agrees that he received them.  The responses were served on April 14, 2010 so they were several days late.  As defense counsel acknowledged, he should have sought an extension of time.  He explained that the delay occurred because the defendant works nights and that schedule made it difficult for the defendant and

counsel to communicate and to have the defendant's responses signed and notarized.

B. Legal Standard

A party may be held in civil contempt[1] for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002).

Pursuant to 28 U.S.C. § 636(e), a magistrate judge may not issue an order of contempt but is called upon to certify the facts to the district judge. "[T]he magistrate judge may conduct a hearing, but he or she functions only to certify the facts and not to issue an order of contempt." See Mauro v. Countrywide

---

[1]The plaintiff's motions appear to seek civil contempt. See Int'l Union v. Bagwell, 512 U.S. 821, 828-29 (1994) (discussing the distinction between civil and criminal contempt). To the extent the plaintiff seeks criminal contempt, he does not meet the high burden of proof, which requires a litigant to prove "beyond a reasonable doubt that the contemnor willfully violated the specific and definite terms of a court order." United States v. Paccione, 964 F.2d 1269 (2d Cir. 1992). See also A.V. by Versace, Inc. v. Gianni Versace S.p.A., 446 F. Supp. 2d 252, 277 n. 25 (S.D.N.Y. 2006).

Home Loans, Inc., No. CV07-1268 (JFB) (WDW), 2009 U.S. Dist.
LEXIS 97416 (E.D.N.Y. Oct. 21, 2009).

As set forth above, the defendant now has complied with both
aspects of Judge Thompson's order, the production of phone
records and the service of answers to interrogatories.  It is the
plaintiff's burden to show by clear and convincing evidence that
the defendant was not diligent in attempting to comply with the
court's order.  The plaintiff has not satisfied that burden.  In
light of the foregoing, the Magistrate Judge declines to certify
the facts to the district judge, as contemplated by 28 U.S.C. §
636(e).  The plaintiff's Motion for Contempt (doc. #84),
Emergency Motion for Contempt (doc. #89), and Motion for Hearing
(doc. #96) are DENIED.  For the same reasons, the plaintiff's
Sealed Motion for Capias (doc. #93) is DENIED.

II.  **Motions for Extension**

In light of the discovery problems, the plaintiff has
requested both a stay as to the defendant's Motion for Summary
Judgment and an extension of time to object.  The defendant has
now complied with the court's orders, and Judge Thompson will
review the telephone records.  On June 4, 2010, the plaintiff
completed his last deposition, a one-hour supplemental deposition
of the defendant held in the presence and under the supervision
of the Magistrate Judge.  (See docs. #65, 109, 115.)  Discovery
is closed.

Therefore, the plaintiff's Motion to Stay to Respond to Summary Judgment, doc. #91, is DENIED.  Plaintiff's Motion for Extension of Time to Reply to Summary Judgment, doc. #88, is GRANTED IN PART AND DENIED IN PART.  The plaintiff shall respond to the Summary Judgment Motion on or before **July 9, 2010**.

III. **Notice Regarding Response to Motion for Summary Judgment**

Plaintiff is reminded, as he was during the May 21, 2010 hearing, that Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56 impose very specific requirements for responding to a Motion for Summary Judgment.[2]  Copies of these rules are attached to the defendant's Motion for Summary Judgment, doc. #83, as required, in an attachment entitled "Notice to Pro Se Litigant Opposing Motion for Summary Judgment."  The plaintiff is advised to carefully review this notice before preparing his response to the defendant's motion.

SO ORDERED at Hartford, Connecticut this 9th day of June, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2]Plaintiff has previously filed two purported objections to the summary judgment motion, docs. #98 and 119, which do not comply with the requirements of those rules.