```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
VERNON STANCUNA               :
     Plaintiff,               :
                              :
v.                            :     Civil No. 3:09cv00075(AWT)
                              :
STACY SACHARKO                :
     Defendant.               :
                              :
------------------------------x

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Vernon Stancuna, brings this action pursuant to 42 U.S.C. § 1983, against Officer Stacy Sacharko in his individual capacity based on a traffic stop Stancuna contends was in violation of his constitutional rights.  First, Stancuna claims the stop was in retaliation for three lawsuits Stancuna had filed against Wallingford police officers within the prior year, in violation of his First Amendment rights.  Second, he claims that the defendant pulled him over without probable cause, in violation of his Fourth Amendment rights.  The defendant moved for summary judgment on both claims.  For the following reasons, the motion is being granted as to the First Amendment claim and denied as to the Fourth Amendment claim.

**I.    FACTUAL BACKGROUND**

Vernon Stancuna is a resident of Wallingford, Connecticut.  Stacy Sacharko is a Wallingford Police Officer.  At approximately 8:30 a.m. on March 28, 2008, Stancuna drove his children to

school.  Immediately after he dropped them off, a police cruiser pulled behind Stancuna as he exited the parking lot.  Sacharko, who was driving the cruiser, followed Stancuna for approximately one and a half miles before pulling him over and citing him for a defective brake light, a cracked windshield, and failure to carry proof of insurance or registration.  Stancuna denies having either a defective brake light or a cracked windshield.

Stancuna was issued a ticket and appeared in court.  The prosecutor elected to nolle the charges against him.

Within the year prior to this traffic stop, Stancuna had filed three separate lawsuits against Wallingford police officers.  See Stancuna v. Haberski, Civ. No. 3:07-cv-770 (JBA); Stancuna v. Fratallenico, Civ. No. 3:07-cv-981 (AWT); Stancuna v. Iovene, Civ. No. 3:08-cv-30 (JBA).  Sacharko admits that he was aware of one of these lawsuits, i.e., the action against Iovene, prior to pulling Stancuna over on March 28, 2008.

**II. LEGAL STANDARD**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).  Rule 56(c) "mandates the entry of

summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Id. As the Court observed in Anderson: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must

be supported by the evidence. "[M]ere speculation and conjecture is insufficient to defeat a motion for summary judgment." Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (internal quotation marks omitted) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which [a] jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See Celotex Corp., 477 U.S. at 324. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," Weinstock, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)(quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41. If the

nonmovant fails to meet this burden, summary judgment should be granted.

**III. <u>DISCUSSION</u>**

    **a. First Amendment Claim**

A private citizen asserting a First Amendment retaliation claim must show: "(1) he has an interest protected by the First Amendment; (2) defendant's actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." <u>Curley v. Village of Suffern</u>, 268 F.3d 65, 73 (2d Cir. 2001); <u>see also</u> <u>Connell v. Signoracci</u>, 153 F.3d 74, 79 (2d Cir. 1998); <u>Everitt v. DeMarco</u>, 704 F. Supp. 2d 122, 129 (D. Conn. 2010).

With regard to the first element, the defendant contends that:

> While the right to petition the court for a redress of grievances is a right protected by the First Amendment, not all petitions are so protected. In order to qualify for protection, Stancuna's petition must be on a matter of public concern.

(Def.'s Mem. Supp. Mot. Summ. J., 6.) However, "[u]nlike a public employee, the speech of a private citizen need not have been on a matter of public concern for it to fall within the protection of the First Amendment." <u>Everitt</u>, 704 F. Supp. 2d at 130 (quoting <u>Williams v. Town of Greenburgh</u>, 535 F.3d 71, 77 (2d

Cir. 2008)).[1] Additionally, "[i]t is well-established that the filing of a lawsuit . . . is constitutionally protected by the First Amendment." Everitt, 704 F. Supp. 2d at 132 (citing Colombo v. O'Connell, 310 F.3d 115, 118 (2d Cir. 2002).

However, the plaintiff has failed to create a genuine issue of material fact as to the third element of a First Amendment retaliation claim, which requires a showing that "defendants' actions effectively chilled the exercise of [the plaintiff's] First Amendment right." Everitt, 704 F. Supp. 2d at 129. The plaintiff must show that his First Amendment rights were "actually chilled." Davis v. Vill. Park II Realty Co., 578 F.2d 461, 464 (2d Cir. 1978). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird v. Tatum, 408 U.S. 1, 13-14 (1972); see also Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (granting summary judgment against plaintiff, a political candidate who continued his campaign for public office despite claiming that he was "demoralized" by defendant's alleged violation of his rights and that his continued campaign "only amount[ed] to a token effort").

---

[1] A public employee, on the other hand, must "initially demonstrate that: (1) the speech at issue was made as a citizen on matters of public concerns rather than as an employee on matters of personal interest; (2) he or she suffered an adverse employment action; and (3) the speech was at least a substantial or motivating factor in the adverse employment action." Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003) (internal quotation marks and citations omitted).

Here, Stancuna claims that he felt threatened and embarrassed by Sacharko's actions (See Pl.'s Mem. Br. Opp. S. J., 1 (Doc. No. 98)), but his personal feelings are not what matters. Objectively, Stancuna's speech was not chilled in any of the pending lawsuits that Stancuna contends motivated Sacharko's actions. Stancuna actively pursued each of these suits to conclusion, all of which extended well past March 28, 2008. Moreover, Stancuna has not been chilled from filing additional lawsuits, as he has done several times since March 28, 2008. He even filed a lawsuit in which he again named Haberski, Fratallenico, Ioviene, and Sacharko, among other Wallingford police officers, as defendants. See Stancuna v. Ulianova et al., Civ. No. 3:09-cv-1328 (AWT). Thus, there exists no genuine issue of material fact as to whether Sacharko's conduct chilled Stancuna's speech, and the undisputed facts show that it did not. Therefore, Sacharko is entitled to summary judgment on this claim.

**b. Fourth Amendment Claim**

Stancuna claims his Fourth Amendment rights were violated because Sacharko pulled him over without probable cause. The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. "Temporary detention of individuals during the stop of an automobile by the police, even

if only for a brief period and limited purpose, constitutes a 'seizure' of 'persons' within the meaning of the provision." United States v. Stewart, 551 F.3d 187, 191 (2d Cir. 2009). Thus, a stop must not be unreasonable, and "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Id.; see also United States v. Harrison, 606 F.3d 42, 44-45 (2d Cir. 2010) ("[A]n officer making a traffic stop [must] have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity."). The existence of probable cause is thus a threshold question in determining whether a plaintiff's constitutional rights have been violated by a traffic stop.

Here, a genuine dispute of material fact exists as to whether the defendant had probable cause to stop Stancuna. Stancuna avers at least twice in his deposition that he had neither a broken tail light nor a cracked windshield. Also, the record shows that the charges against Stancuna were terminated in his favor in that the case was disposed of by means of a nolle prosequi without consideration. Cf. See v. Gosselin, 133 Conn. 158 (1946) (holding that in a claim for malicious prosecution, "[i]t is not necessary that the accused should have been acquitted. It is sufficient if he was discharged without a trial

under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him"). Therefore, the motion for summary judgment is being denied as to this claim.

**IV. CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment is hereby GRANTED as to the First Amendment claim and DENIED as to the Fourth Amendment claim.

It is so ordered.

Dated this 14th day of February, 2011, at Hartford, Connecticut.

                                  /s/ AWT
                                Alvin W. Thompson
                      United States District Judge